**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (CLEVELAND)**

| | | |
|---|---|---|
| CHARLES YERKEY and MELODY YERKEY, | ) ) ) | CASE NO. |
| Plaintiffs, | ) ) | JUDGE |
| v. | ) ) ) | **NOTICE OF REMOVAL** |
| SORIN GROUP DEUTSCHLAND, GMBH (n/k/a LIVANOVA DEUTSCHLAND, GMBH); SORIN GROUP USA, INC. (n/k/a LIVANOVA USA, INC.); and CLEVELAND CLINIC FOUNDATION; CLEVELAND CLINIC FOUNDATION (d/b/a CLEVELAND CLINIC); CLEVELAND CLINIC – MAIN CAMPUS, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**TO:**     **United States District Court**
**Northern District of Ohio, Eastern Division (Cleveland)**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Sorin Group Deutschland, GmbH

(n/k/a LivaNova Deutschland GmbH) and Sorin Group USA, Inc. (n/k/a LivaNova USA, Inc.)

(collectively hereinafter "LivaNova") submit this Notice of Removal from the Court of Common

Pleas, Cuyahoga County, Ohio, in which the above-captioned matter is now pending, to the

United States District Court for the Northern District of Ohio.

In support of this Notice, LivaNova states as follows:

1

## I.      BACKGROUND FACTS

### A.      Plaintiffs' Claims

1.      Plaintiffs Charles Yerkey and Melody Yerkey ("Plaintiffs") filed their Complaint in the Court of Common Pleas, Cuyahoga County, Ohio, on or about May 20, 2022. A copy of the Complaint filed in Ohio state court is attached hereto as **Exhibit A**.

2.      This action involves product liability allegations regarding the Sorin Stöckert 3T Heater-Cooler Device ("3T System"). Plaintiffs allege that Mr. Yerkey underwent heart surgery in May 2017 at the Cleveland Clinic and that a 3T System was used during this surgery. *See* **Exhibit A**, at ¶¶ 10, 21. Plaintiffs allege that defects in the 3T System's design, manufacturing, and/or warnings caused Mr. Yerkey to be exposed to and infected with mycobacterium chimaera and that this infection caused him injury. *See* **Exhibit A**, at ¶¶ 38-56, 98-100, 117-19, 129, 134, 148.

3.      Plaintiffs also purported to assert a negligence claim against the Cleveland Clinic Foundation and related entities ("CCF Defendants") relating to the use of the 3T System during Plaintiff's surgery. *See* **Exhibit A**, at ¶¶ 160-66. Specifically, Plaintiffs claimed that the CCF Defendants failed to properly prepare and decontaminate medical equipment necessary to be used during Mr. Yerkey's surgery (the 3T System) and that this allegedly led to an infection contracted during that very surgery. *See id.* at ¶¶ 78-80. In making their purported negligence claim against the CCF Defendants, Plaintiffs implicated "equipment provided by the hospital" that was allegedly used by the CCF Defendants in rendering medical care and treatment to Mr. Yerkey during his surgery. *See id.* at ¶ 77.

### B      Procedural History

1.      *LivaNova's Initial Removal of This Action and Its Subsequent Remand.*

2

4.      After Plaintiffs filed their Complaint, LivaNova removed the case to the U.S. District Court for the Northern District of Ohio for the first time on May 20, 2022 (hereinafter referred to as "NOR No. 1"). A copy of the NOR No. 1 removal papers are attached here as **Exhibit B**.

5.      LivaNova's initial removal was based on diversity jurisdiction. *See generally* **Exhibit B**. While the CCF Defendants' Ohio residency would normally defeat the complete diversity requirement necessary for removal based on diversity jurisdiction, LivaNova's removal was premised on the argument that the CCF Defendants had been fraudulently and improperly joined to defeat diversity jurisdiction and that the CCF Defendants' citizenship should therefore have been disregarded. *Id.* In support of this fraudulent joinder argument, LivaNova argued that Plaintiffs had "no colorable basis to recover" against the CCF Defendants because: 1) Plaintiffs' "negligence" claims against the CCF Defendants were, in fact, medical negligence claims, and 2) Plaintiffs' medical negligence claims were time-barred under Ohio law. *See id.* at ¶¶ 18-33.

6.      On June 3, 2022, Plaintiff filed a Motion to Remand the case back to Ohio state court, on the grounds that the CCF Defendants had not been fraudulently joined and that complete diversity therefore did not exist between the parties. Plaintiffs argued that their claims against the CCF Defendants were not time-barred because Ohio applies the "Termination Rule," which states that hospital negligence claims do not accrue until the physician-patient relationship terminates, a relationship that they alleged was ongoing between Mr. Yerkey and the CCF Defendants. *See* **Exhibit C**, Plaintiffs' Motion for Remand, at ¶¶ 2, 7-12.

7.      On June 6, 2022 the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") issued a Conditional Transfer Order ("CTO-41"), finding that Plaintiffs' suit "involve[s] questions of

fact that are common to the actions previously transferred" into MDL 2816. This case was thereafter transferred to MDL 2816 on June 29, 2022.

8.      On July 5, 2022, the MDL Court issued an Order to LivaNova to Show Cause why the MDL Court should not remand the *Yerkey* matter back to state court based upon an order and opinion it had issued a week earlier resulting in the remand of a similar case, *Cherkala v. LivaNova et al.*, No. 1:21-cv-1627 ("*Cherkala*"). *See* **Exhibit D**, July 5, 2022 Order to Show Cause. LivaNova had removed *Cherkala* to federal court based, in part, on the same arguments raised in NOR No. 1: that the *Cherkala* plaintiffs' claims against the CCF Defendants—which were identical to the hospital claims in this case and which had been brought by the same plaintiffs' counsel in the same Ohio state court jurisdiction (Cuyahoga County Court of Common Pleas)—were, in fact, medical claims, and that such claims were time-barred by Ohio's one-year statute of limitations on medical claims.

9.      The MDL Court's order remanding *Cherkala* to Ohio state court concluded that a district court "must rule out *any* possibility that a state court would entertain the cause" before "concluding joinder was fraudulent." *See* **Exhibit E**, MDL Court's Order Remanding *Cherkala*, at 8 (original emphasis). The Court went on to clarify that at the remand stage, "[w]e must decide only whether there is at least 'a possibility' an Ohio court would find plaintiffs' complaint states a claim against Cleveland Clinic." *See id*. at 11. Applying these parameters, the MDL Court ordered remand because it "cannot say the law in Ohio is so settled" on the argument urged by LivaNova, that the Termination Rule applies only to claims against physicians and not to claims against hospitals. *See id*. at 10. Rather, the Court concluded that "such matters 'are most appropriately resolved by the Ohio state courts.'" *See id*. at 11.

10.　　In invoking the MDL Court's decision to remand *Cherkala* for the reasons described above, the MDL Court, in its July 5, 2022, Order to Show Cause in this case, concluded that, based on the Termination Rule invoked by Plaintiffs in their Motion for Remand (and by the plaintiffs in *Cherkala*), "there was at least 'a possibility that an Ohio state court would find the [Termination Rule] applies to render plaintiffs' claim timely so that it could not be said 'there is no…colorable ground supporting' plaintiffs' negligence claim against Cleveland Clinic." *See* **Exhibit D**, at 1-2.

11.　　On July 8, 2022, following discussions with counsel for Plaintiffs and in light of the *Cherkala* Order, LivaNova filed a response to the MDL Court's Order to Show Cause, indicating that Plaintiffs and LivaNova had agreed to stipulate to remand of the case to Ohio state court. *See* **Exhibit F**, July 8, 2022 Response to Show Cause Order. The MDL Court thereafter remanded this case to the Cuyahoga County Court of Common Pleas, Ohio, on July 12, 2022. *See* **Exhibit G**, July 12, 2022 Remand Order.

### 2. On remand, the Ohio State Court "Finds Beyond Doubt . . . that the Plaintiffs Can Prove No Set of Facts Entitling them to Recovery Against the Cleveland Clinic Foundation."

12.　　On December 16, 2022, the CCF Defendants filed a Motion to Dismiss Plaintiffs' claims against them for the same reasons that LivaNova had argued that the CCF Defendants were fraudulently joined in LivaNova's NOR No. 1: Plaintiffs' "negligence" claim against the CCF Defendants is, in fact, a medical claim that is time-barred under Ohio law. *See generally* **Exhibit H**, CCF Defendants' Motion to Dismiss; *compare also* id. at 7-13 *with* **Exhibit B**, NOR No. 1 at ¶¶ 18-33. The Motion argued that Plaintiffs' *medical* claims, which must be brought within one year after the cause of action accrues, are different from *medical malpractice* claims which must be brought either within one year of discovery of the injury or within one year of

when the physician-patient relationship terminates (i.e. the Termination Rule), whichever is later. *See* **Exhibit H**, at 9-10. As a result, the CCF Defendants argued, "[b]ecause Plaintiffs have not made any claims against any *physician*, but rather only against a hospital relating to medical device cleaning procedures, the 'physician-patient relationship' termination rule does not apply and cannot extend the statute of limitations." *Id*. at 10, 12 (original emphasis). With no Termination Rule to save Plaintiffs' claims, the CCF Defendants urged the Ohio state court to conclude "as a matter of law" that Plaintiffs' medical claims against them were time-barred by Ohio's one-year statute of limitations for medical claims and to dismiss all claims against the CCF Defendants. *Id*. at 13-14.

13.     The Ohio trial court agreed with the CCF Defendants' arguments and granted their Motion to Dismiss on March 1, 2023, finding that "plaintiffs' claim is a medical negligence claim that is time barred and plaintiffs have not sufficiently plead any exceptions that would permit the court to maintain the claim." *See* **Exhibit I**, March 1, 2023 Order Granting CCF Motion to Dismiss. Critically, in reaching its decision, the state court noted that it considered only the pleadings and concluded that "[i]n viewing all allegations in favor of the plaintiffs, the Court finds **beyond doubt** from the complaint that the **plaintiffs can prove no set of facts entitling them to recovery against the Cleveland Clinic Foundation**." *Id*. (emphasis added).

14.     The Ohio state court indicated that Plaintiffs could file an amended complaint by March 20, 2022 "or their claims against the [CCF Defendants] will be dismissed." *Id*. To date, Plaintiffs have not filed an amended complaint, and the CCF Defendants therefore remain parties to this case at this time.

15.     A copy of the complete docket of Plaintiffs' Ohio state court action is attached to this Notice of Removal. *See* **Exhibit J**, Complete Docket for Plaintiff's Ohio State Court Action.

16.     As will be set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; (2) this Notice of Removal was filed timely pursuant to 28 U.S.C. § 1446(b)(3); (3) the voluntary-involuntary rule does not bar removal in this case; and (4) Defendants have satisfied the procedural requirements for removal.

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.

17.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (1) it is a civil action between citizens of different states, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.    There Is Complete Diversity of Citizenship Because the CCF Defendants Have Been Fraudulently Joined.

18.     There is complete diversity of citizenship between Plaintiffs, both of whom are citizens of Ohio, and the properly joined named defendants in this action.

19.     Plaintiff Charles Yerkey resides in the state of Ohio. *See* **Exhibit A**, at ¶ 1.

20.     Plaintiff Melody Yerkey resides in the state of Ohio. *See* **Exhibit A**, at ¶ 1.

21.     LivaNova USA is a Delaware corporation with a principal place of business in Houston, Texas.[1] *See* **Exhibit A**, at ¶ 3.

22.     Named Defendant LivaNova Deutschland GmbH (f/k/a Sorin Group Deutschland GmbH) ("LivaNova Deutschland") is a foreign company headquartered in Munich, Germany. *See* **Exhibit A**, at ¶ 2.

---

[1] Plaintiffs' Complaint suggests that LivaNova USA has a principal place of business in Arvada, Colorado. That is incorrect, and as indicated above, LivaNova USA's principal place of business is in Houston, Texas. However, to the extent Plaintiffs allege that LivaNova USA had its principal place of business in Arvada, Colorado, such assertion does not destroy complete diversity in this case.

23.     Therefore, for purposes of determining diversity, LivaNova USA is a citizen of Delaware and Texas, and named defendant LivaNova Deutschland is a citizen of Germany. 28 U.S.C. § 1332(c)(1).

24.     Plaintiff also purports to file suit against Cleveland Clinic Foundation, Cleveland Clinic Foundation (d/b/a Cleveland Clinic), and Cleveland Clinic – Main Campus (collectively referred to herein as the "CCF Defendants"), healthcare entities that, upon information and belief, are located in Cuyahoga County, Ohio. *See* **Exhibit A**, at ¶¶ 12-14.

25.     Although the Ohio state court has issued an order on the CCF Defendants' motion to dismiss, it has not yet dismissed the CCF Defendants as defendants from this action, and therefore the CCF Defendants currently remain in this case as named defendants.

26.     However, and for the reasons that follow, the CCF Defendants have been fraudulently and improperly joined to defeat diversity jurisdiction. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds") (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

27.     By virtue of the above, none of the properly joined named defendants are citizens of the state of Ohio, Plaintiff's sole alleged state of citizenship. *See* 28 U.S.C. § 1332. Accordingly, complete diversity exists between the parties.

28.     The citizenship of the CCF Defendants should be disregarded because these entities have been fraudulently joined to this action against LivaNova.

29.     When an action is removed based on diversity, the court determines whether complete diversity exists "at the time of removal." *Coyne*, 183 F.3d at 492; *see also Jerome-*

*Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (whether there exists complete diversity is assessed at the time that the notice of removal is filed).

30.     In determining whether a defendant has been fraudulently joined, the Sixth Circuit measures whether the plaintiff has stated "a colorable cause of action." *King v. Centerpulse Orthopedics, Inc.*, 2006 WL 456478, at *2 (N.D. Ohio Feb. 24, 2006) (citing *Jerome-Duncan*, 176 F.3d at 907).

31.     Here, as was recently "resolved by the Ohio state court" overseeing this action (*see* **Exhibit E**, MDL Court's Order Remanding *Cherkala*, at 11), Plaintiffs have no "colorable cause of action" against the CCF Defendants because, as expressed by the Ohio state court, it is "beyond doubt" that Plaintiffs "can prove no set of facts entitling them to recovery against the Cleveland Clinic Foundation" (**Exhibit I**, March 1, 2023 Order Granting CCF Motion to Dismiss). Indeed, as concluded by the Ohio state court in its March 1, 2023 order granting the CCF Defendants' Motion to Dismiss, Plaintiffs have failed to state a claim against the CCF Defendants because their claim "is a medical negligence claim that is time-barred and plaintiffs have not sufficiently plead any of the exceptions that would permit the court to maintain the claim." *See* **Exhibit I.**

32.     Because Plaintiffs have "no colorable basis to recover" against the CCF Defendants such that they have fraudulently joined the CCF Defendants in this action, the CCF Defendants' citizenship should be disregarded.

   1.     ***Plaintiffs' Negligence Claims Against the CCF Defendants Are Medical Negligence Claims.***

33.     At the outset of this litigation, Plaintiffs' Complaint characterized their claims against the Cleveland Clinic Defendants as mere negligence claims. *See* **Exhibit A**, at ¶¶ 160-66. In reality, however, and as initially noted by LivaNova in its NOR No. 1, Plaintiffs allege

9

*medical* negligence claims against the CCF Defendants, who are part of a hospital system—they allege that Mr. Yerkey was treated for and received care by the CCF Defendants for an open-heart surgery that used a 3T System (**Exhibit A** at ¶¶ 160-66) and that the infection Mr. Yerkey allegedly sustained was derived from "Cleveland Clinic fail[ing] to properly maintain, clean and disinfect the Sorin HCD," which was allegedly used as part of Mr. Yerkey's medical care and open heart surgery (*id*. at ¶ 162).

34.    Ohio Revised Code 2305.113(E)(3) defines "medical claim" as "any claim that is asserted in any civil action against a…hospital…and that arises out of the medical diagnosis, care, or treatment of any person." Such claims include "derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." *Id*.

35.    Tellingly, Plaintiffs have not actually disputed this characterization in their prior briefing on their Motion for Remand or in their Opposition to the CCF Defendants' Motion to Dismiss. Rather, they have suggested that "such issue is moot because the Statute of Limitations has not run based upon Ohio's so-called 'Termination Rule,'" which, Plaintiffs contend, "applies to hospitals sued directly for negligence" (i.e. medical negligence claims). *See* **Exhibit C**, Plaintiffs' Motion for Remand, at ¶¶ 22, 24. Thus, the entirety of Plaintiffs' Motion for Remand in response to LivaNova's NOR No. 1 and their Opposition to the CCF Defendants' Motion rests on the implied assumption that Plaintiffs' claims against CCF *are* medical negligence claims which are subject to the Termination Rule.

36.    Moreover, and even more importantly, the Ohio state court overseeing Plaintiffs' remanded case has removed any doubts as to the types of claims Plaintiffs have brought against the CCF Defendants by concluding that "Plaintiffs' claim [against the CCF Defendants] *is a*

*medical negligence claim*." *See* **Exhibit I**, March 1, 2023 Order Granting CCF's Motion to Dismiss (emphasis added).

37.     The Ohio Supreme Court reached a similar conclusion in *Rome v. Flower Memorial Hospital*. 635 N.E.2d 1239 (Ohio 1994). There, the Ohio Supreme Court held that a plaintiff's negligence claims were, in fact, medical claims because they arose out of the hospital's medical care and treatment of the plaintiff. *Id*. The court concluded that the hospital's use of particular equipment was "ancillary to and an inherently necessary part" of the procedure being conducted to alleviate the patient's medical complaints. *Id*. at 1242. The court also noted that the plaintiff's claims were medical in nature because the plaintiff was a patient at the hospital, had been assisted by hospital employees, and the hospital employees were "required to exercise a certain amount of professional expertise" in preparing for and using the hospital equipment. *Id*.

### 2.      *Plaintiff's Claims Against the CCF Defendants Are Time-Barred.*

38.     Ohio Revised Code Section 2305.113(A) imposes a one-year statute of limitation on medical negligence claims like the ones Plaintiffs assert against the CCF Defendants. *See* R.C. § 2305.113(A) ("Any action upon a medical claim ***shall*** be commenced within one year after the cause of action accrued.") (emphasis added). Plaintiffs brings their medical claims against the CCF Defendants outside of the one-year statute of limitations imposed by Ohio statute.

39.     Indeed, as confirmed by the Ohio state court's recent order granting CCF's Motion to Dismiss, the statute of limitations on Plaintiff's medical negligence claim against the CCF Defendants ran no later than November 6, 2020, one year after Mr. Yerkey was diagnosed with, and "immediately" began treating for, an *M. chimaera infection*. *See* **Exhibit I**, March 1, 2023 Order Granting CCF's Motion ("Plaintiffs' claim is a medical negligence claim that is

time-barred"); *see also* **Exhibit A**, at ¶¶ 34-35, 55 ("On November 6, 2019, Mr. Yerkey underwent further evaluation…where it was documented that he was suffering from 'mycobacterium chimaera infection associated with extracorporeal equipment.'").

40.    Plaintiffs did not file their Complaint until May 20, 2022, over two and a half years after Mr. Yerkey was allegedly diagnosed with the *M. chimaera infection* constituting his claimed injury in this action.

41.    On May 4, 2021, the parties entered into a tolling agreement which temporarily tolled the statute of limitations for Plaintiffs' claims beginning on that date. *See* **Ex. K**, Tolling Agreement. However, the Tolling Agreement expressly states that it "shall not revive existing claims, if any, that have expired under the applicable statute of limitations prior to the commencement of the Tolling Period." *Id.* at ¶ 3. Here, Plaintiffs' medical negligence claims expired ***at the latest*** on November 6, 2020—one year after Plaintiffs acknowledge "it was documented that [Plaintiff]was suffering from 'mycobacterium chimaera infection associated with extracorporeal equipment.'" **Exhibit A,** at ¶ 55. Accordingly, Plaintiffs' medical negligence claims were expired at least six months before the Tolling Agreement commenced.

42.    Moreover, to the extent that Plaintiffs intend to argue that Ohio's Termination Rule should apply to extend the statute of limitations and save their claims against the CCF Defendants, such arguments have no basis in Ohio law and were rejected by the Ohio state court considering the issue.

43.    Plaintiffs have raised this argument previously, in their Motion for Remand and in their Opposition to CCF's Motion to Dismiss. Specifically, Plaintiffs have argued that because Mr. Yerkey continues to be treated at CCF, the "physician-patient relationship" has not yet terminated, and Ohio's Termination Rule therefore applies and continues to delay accrual of

Plaintiffs' claims against CCF. *See e.g.*, **Exhibit L**, Plaintiffs' Opposition to CCF's Motion to Dismiss, at 5 (citing *Frysinger v. Leech*, 512 N.E.2d 337 (1987)).

44.     This argument, which was rejected by the Ohio state court in granting the CCF Defendants' Motion, is fundamentally flawed because the Termination Rule articulated in *Frysinger* only applies in ***medical malpractice*** cases against a physician, not in all cases involving any ***medical negligence*** claims whatsoever. Indeed, Ohio law is clear that "medical claims" must be brought within one year after the cause of action accrued. Ohio Rev. Code Ann. § 2305.113. In contrast, medical malpractice claims (the definition of which is ***not*** the same as "medical claims") must be brought within one year of the discovery of the injury (*id*. at § 2305.11(a)), or when the physician-patient relationship for that condition terminates, whichever is later (*Frysinger*, 512 N.E.2d at 340).

45.     As noted in the CCF Defendants' Motion to Dismiss and underscored by the Ohio state court in granting that Motion, Plaintiffs have not made any medical malpractice claims against the CCF Defendants but rather only medical claims against a hospital relating to medical device cleaning procedures. The Termination Rule applied to medical malpractice claims therefore does not apply to Plaintiffs' medical negligence claims against the CCF Defendants and cannot extend the statute of limitations.

46.     Because Plaintiffs' claims against Cleveland Clinic are time-barred under Ohio law, such claims are insufficient to preclude diversity jurisdiction in this action.

47.     By virtue of the above, there is no possibility that an Ohio state court "would find plaintiffs' complaint state[s] a claim against Cleveland Clinic" (**Exhibit E**, at 11)—indeed, an Ohio state court has found just the opposite. Plaintiffs therefore have no colorable cause of action against the CCF Defendants and has fraudulently joined these defendants in this action.

48.     Accordingly, the citizenship of the Cleveland Clinic Defendants should be disregarded for purposes of determining diversity. *King*, 2006 WL 456478, at *5. Because none of the named and properly joined defendants are citizens of the state of Ohio, complete diversity exists between the parties. 28 U.S.C. § 1332.

**B.     The Amount in Controversy Requirement Is Satisfied.**

49.     Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. This assertion is well-founded and made in good faith in light of the allegations in Plaintiffs' Complaint.

50.     Plaintiffs' Complaint alleges that Mr. Yerkey underwent an open-heart procedure on May 15, 2017 and that a 3T System was used during this surgery. Plaintiffs allege that this caused Mr. Yerkey to be exposed to and infected with a mycobacterium chimaera infection and that such infection required him to undergo a second open-heart surgery to replace a contaminated heart valve. *See* **Exhibit A**, at ¶¶ 10, 21, 38-56.

51.     Plaintiffs' Complaint alleges that Mr. Yerkey has suffered "permanent and significant injuries including but not limited to, disseminated and chronic mycobacterium infection requiring long-term use of toxic antibiotics, multi-organ system injuries secondary to disseminated m. chimaera infection, bone marrow infection, persistent and active m. chimaera infection in his eyes, multiple lung nodules, leukocytopenia, atelectasis, fluid overload, permanent kidney injury, and emotional distress/harm." *See* **Exhibit A**, at ¶ 56. They also allege that these "multiple injuries and damages" have "left him disabled, unable to perform his avocation, and have caused substantial pain, suffering, and loss of life's pleasures." *Id*. at ¶ 82; *see also id*. at 38-56. Moreover, Plaintiffs allege that Mr. Yerkey has been "catastrophically

14

injured and sustained severe pain, suffering, disability and also incurred expenses for medical care and treatment." *Id*. at ¶ 100.

52.     Plaintiffs' Complaint further alleges that they are entitled to various forms of damages. Specifically, Plaintiffs allege that they are entitled to damages because Mr. Yerkey has alleged been "catastrophically injured and sustained severe pain, suffering, disability." *Id*. at ¶ 100. They also allege that they are entitled to damages for Mr. Yerkey's "medical care and treatment" and that Ms. Yerkey is entitled to loss of consortium damages for "depriv[ation] of services, society and conjugal fellowship of her husband." *Id*.; *id*. at ¶ 170.

53.     Plaintiffs additionally allege that they are entitled to punitive damages. *See id.* at ¶ 167. Courts have consistently held that "punitive damages can count toward the amount in controversy," including in cases where plaintiffs seek punitive damages for a tort claim under Ohio law. *Fraley v. State Farm Mut. Auto Ins. Co.*, 2013 WL 4679954, at *2 (N.D. Ohio Aug. 30, 2013).

54.     The seriousness and permanent nature of the alleged injuries in the Complaint places more than $75,000 in controversy. *Lucas v. Springhill Hosp., Inc.*, 2009 WL 1652155, at *3 (N.D. Ohio, June 11, 2009) (holding that damages sought for multiple surgeries, extensive rehabilitation, severe pain, mental anguish, emotional pain and suffering, medical expenses, and other "permanent" injuries made it "more likely than not that recovery will exceed $75,000.") medical expenses, pain and suffering, mental anguish, and lost earnings "appear to make a recovery in excess of $75,000 more likely than not."); *Paige v. Home Depot U.S.A., Inc.*, 2018 WL 3037381, at *1-2 (N.D. Ohio June 19, 2018) (holding that "[l]ooking at Plaintiff's own complaint…it is more likely than not that the amount in controversy requirement is met in this case" where the plaintiff alleged "medical costs and expenses," "costs associated with physical and mental pain and suffering," "inconvenience," and "lost earnings and wages").

55.     By virtue of these allegations of injury, Plaintiffs are seeking damages in excess of the sum or value of $75,000, exclusive of interest and costs, which meets the jurisdictional requirement of this Court. See 28 U.S.C. § 1332(a).

56.     Accordingly, for all of the above stated reasons, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332.

## III.     THIS NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b)(3).

57.     Under 28 U.S.C. § 1446(b)(3), if a case is not initially removable on its face, a notice of removal may nonetheless be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

58.     This Notice of Removal is timely because the Ohio state court's order granting CCF's Motion to Dismiss is an "order or other paper" from which LivaNova was first able to ascertain that the case was removable, in light of the MDL Court's prior order in *Cherkala*, and LivaNova is filing this Notice of Removal both within 30 days of that order being issued and within one year of this case being filed. *See* 28 U.S.C. § 1446(b)(3), 1446(c)(1)

59.     As indicated by this case's procedural history, the MDL Court questioned the propriety of LivaNova's first removal when it issued its July 5, 2022 Order to Show Cause. In ordering LivaNova to show cause, the MDL Court stated that "[b]efore concluding joinder was fraudulent, the district court 'must rule out any possibility that a state court would entertain the cause,'" and concluded that "we cannot say the law in Ohio is so settled on this point as to 'rule

out any possibility' a state court would entertain plaintiffs' legal argument." *See* **Exhibit D**, July 5, 2022 Order to Show Cause, at 1-2.

60.     Applying this standard, it became clear that the *Yerkey* case was removable when the Ohio state court issued its March 1, 2023 order. In particular, the Ohio state court stated: "[t]he court finds **beyond doubt** from the complaint that the **plaintiffs can prove no set of facts entitling them to recovery against the Cleveland Clinic Foundation**." *See* **Exhibit I**, March 1, 2023 Order Granting CCF's Motion (emphasis added).

61.     Based on the Ohio state court's order, it is now clear that there is no possibility of an Ohio state court entertaining Plaintiffs' claims against the CCF Defendants, and Plaintiffs therefore have no colorable cause of action against the CCF Defendants. It follows that the Ohio state court order may appropriately be considered an "order or other paper," emanating from the same litigation at issue in this Notice of Removal, demonstrating that this case had become removable. *See, e.g., Jackson v. E-Z-GO Div. of Textron, Inc.*, 2012 WL 2562830, at *2-3 (W.D. Ky. June 29, 2012) (noting that "[w]hen defining an 'order' for removal purposes, most courts have ruled that the order must emanate from the same litigation," and holding that "[w]hether [bankruptcy discharge] considered an 'order' or 'other paper'…[it] initiated a new thirty-day period in which [defendant] could remove") (citing *Burns v. Prudential Sec., Inc.*, 450 F. Supp. 2d 808, 813-14 (N.D. Ohio 2006)).

62.     This Notice of Removal is being filed within thirty days of the Ohio state court issuing an "order or other paper" (the order granting the CCF Defendants' Motion to Dismiss) from which LivaNova was first able to ascertain that the MDL Court's fraudulent joinder question had been answered and that this case was in fact removable. 28 U.S.C. § 1446(b)(3). Likewise,

this Notice of Removal is being filed within one year of May 20, 2022, the date on which this case was initially filed. 28 U.S.C. § 1446(c)(1).

63.     For these reasons, this Notice of Removal is timely.

## IV.     THE VOLUNTARY-INVOLUNTARY RULE DOES NOT BAR REMOVAL.

### A.     The Voluntary-Involuntary Rule Does Not Apply.

64.     Generally, under the voluntary-involuntary rule, a case which was not initially removable may only become removable under § 1446(b)(3) "if the plaintiff voluntarily dismissed a non-diverse defendant," such that "an involuntary dismissal in state court" typically "operates as an exception to a defendant's right to remove under § 1446." *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992); *Wiacek v. Equitable Life Assur. Soc. of U.S.*, 795 F. Supp. 223, 225 (E.D. Mich. 1992). This rule "is grounded in the observation that when a non-diverse party is eliminated from an action pursuant to a court order (i.e., involuntarily), the order of dismissal may be subject to appeal; consequently, although diversity may temporarily exist between the parties, federal jurisdiction might ultimately be destroyed if the state appellate court reverses the order of dismissal." *Wiacek*, 795 F. Supp. at 225.

65.     Here, however, the Ohio state court order granting the CCF Defendants' Motion to Dismiss has not actually dismissed the CCF Defendants from this case, and is not yet appealable. *See* Ohio Rev. Code Ann. § 2505.02(B)(1) ("An order is a final order…when it is…[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment"); Ohio R. Civ. P. 54(B) ("the court may enter final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay*") (emphasis added); *see also Tonti Homes Corp. v. Siculan,* 2022 WL 4002930, at *3-4 (Ohio Ct. App. Sept. 1, 2022) (finding order granting motion to dismiss some, but not all

defendants, was not an appealable order, even assuming *arguendo*, that the order "determine[d] the action and prevent[ed] a judgment," because order did "not contain language, pursuant to Civ. R. 54(B), that 'there is no just reason for delay' of the appeal."); *Freskakis v. Higbee Co.,* 1981 WL 4965, at *1 (Ohio Ct. App. May 21, 1981) ("Since orders denying the motion to dismiss and the motion to amend an answer do not determine the action and prevent a judgment, they are not final appealable orders"); **Exhibit I**, March 1, 2023 Order Granting CCF's Motion.

66.     Indeed, the Ohio state court's order only directs the dismissal of the CCF Defendants if Plaintiffs fail to file an amended complaint by March 20, 2023. Such an order does not "determine[] the action and prevent[] a judgment." Nor does the order contain an "express determination that there is no just reason for delay" of the appeal, as is required by Ohio Rule of Civil Procedure 54(B). Instead, the order merely indicates that Plaintiffs may file an amended complaint by March 20, 2023 "or their claims against [the CCF Defendants] will be dismissed." **Exhibit I**, March 1, 2023 Order Granting CCF's Motion.

67.     The CCF Defendants have not at this time been dismissed as defendants from this case, there is not any final appealable order under Ohio law, and the voluntary-involuntary rule does not apply.

68.     Accordingly, this Notice of Removal is still considered timely and proper under 28 U.S.C. § 1446(b)(3).

**B.      Even Assuming the Ohio State Court Order Could Constitute an "Involuntary Dismissal," the "Fraudulent Joinder" Exception to the Voluntary-Involuntary Rule Would Allow for Removal in this Case.**

69.     The voluntary-involuntary rule does not apply here because, as stated above, the CCF Defendants have not been dismissed from the case, and because the Ohio state court's order

19

does not implicate the appeal-related concerns that the voluntary-involuntary rule was designed to address.

70.     But even if the Court were to conclude that the voluntary-involuntary rule applied based on the Ohio state court's order on CCF's Motion to Dismiss, LivaNova's removal is nonetheless proper because it is premised on the well-noted fraudulent joinder exception to the voluntary-involuntary rule. *See, e.g., Poulos,* 959 F.2d at 72-73 (identifying fraudulent joinder exception as "one more route to removal" even where the voluntary-involuntary rule would normally bar a defendant's removal to federal court); *Advanced Indicator and Manuf., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022) (courts have "long recognized an exception to the voluntary-involuntary rule" based on fraudulent joinder); *Wiacek*, 795 F. Supp. at 225 ("While it is true that an involuntary dismissal in state court operates as an exception to a defendant's right to remove under § 1446, fraudulent joinder of the involuntarily dismissed defendant negates the exception and permits removal."); *Xiaofa Shi v. Am. Honda Motor Co., Inc.*, 2011 WL 5403618, at *1 (N.D. Ill. Nov. 8, 2011) ("There is one exception to [voluntary-involuntary] rule…[w]here defendants can show that the non-diverse parties were fraudulently joined in state court.").

71.     Other federal courts, including district courts within the Sixth Circuit, have held that a defendant may remove an action, despite the lack of a voluntary act, if it is determined that the non-diverse party was fraudulently joined. For example, in *Poulos*, the out-of-state defendant removed the action after the Wisconsin state court granted summary judgment for the non-diverse defendant. *Poulos,* 959 F.2d at 72-73. The plaintiff argued that removal was inappropriate because the dismissal was involuntary, but the district court disagreed and denied the plaintiff's motion to remand on the grounds that the non-diverse defendant had been fraudulently joined. *Id*. On appeal,

the Seventh Circuit affirmed the district court's decision that the non-diverse defendant had been fraudulently joined and held that the remaining defendant's removal was therefore proper. *Id.*

72.     Likewise, in *Wiacek*, a case decided by another court in this Circuit, the court followed the same logic and concluded that where a non-diverse defendant had been dismissed by the state court for "fail[ing] to plead and/or prove a cognizable exception to the general rule of governmental immunity," the removing defendants had met their burden of proving fraudulent joinder, and the voluntary-involuntary rule therefore did not apply to bar removal. 795 F. Supp. at 226. In reaching its decision, the *Wiacek* court noted the plaintiff's "sore lack of legal foundation for the claim against the City and the virtually non-existent factual basis for the claim" and found that "no reasonable possibility exists that the state court order of partial dismissal will be reversed or vacated." *Id.*

73.     Other courts have similarly found that defendants have met their burden of proving fraudulent joinder, and that the voluntary-involuntary rule therefore did not apply to bar removal, where a state court granted dismissal of the non-diverse defendant based on a plaintiff's "fail[ure] to show any duty or liability against" the non-diverse defendant (*Roquemore Est. of Donald v. E.R. Express*, 2008 WL 11355087, at *2 (E.D. Mich. Aug. 5, 2008)), and where the non-diverse defendant was dismissed because there was no "possibility of recovery against that defendant at the time of removal" (*Advanced Indicator and Manuf., Inc.*, 50 F.4th at 474).

74.     Here, and as indicated above, Plaintiffs have "no possibility" of recovery against the CCF Defendants. *See* **Exhibit I**, March 1, 2023 Order Granting CCF's Motion. Therefore, at the time of this removal, Plaintiffs have fraudulently joined the CCF Defendants in this action, a fact which is further supported by the Ohio state court's determination that it is "beyond doubt"

that Plaintiffs "can prove no set of facts entitling them to recovery against the Cleveland Clinic Foundation." *See generally, supra;* **Exhibit I**, March 1, 2023 Order Granting CCF's Motion.

75.     Accordingly, even if the Court concludes that the Ohio state court's order on CCF's motion to dismiss could constitute an "involuntary dismissal," the voluntary-involuntary rule would not bar LivaNova's removal pursuant to the fraudulent joinder exception.

## V.     DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

76.     As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

77.     Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Ohio, Eastern Division is the federal district for the district embracing the place where the state court suit is pending, namely the Court of Common Pleas, Cuyahoga County, Ohio.

78.     LivaNova's Notice of Removal is being filed within thirty days of receipt of an "order or other paper" from which LivaNova was first able to ascertain that this case had become removable and within one year of the date this case was initially filed. LivaNova's Notice of Removal is therefore timely.

79.     The Cleveland Clinic Defendants need not consent to removal because they have not been properly joined to the action inasmuch as they have been fraudulently joined as defendants. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants *who have been properly joined and served* must join in or consent to the removal of the action." (emphasis added)); *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) ("By its terms, however, § 1446(b)(2) only requires the consent of properly joined defendants; the consent of a defendant that has been

fraudulently joined is not necessary."). Nevertheless, LivaNova has conferred with counsel for the CCF Defendants, and the CCF Defendants have consented to this removal.

80.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorneys of record, and is also being filed with the clerk of the Court of Common Pleas, Cuyahoga County, Ohio.

WHEREFORE, Defendants LivaNova USA, Inc. and LivaNova Deutschland GmbH file this Notice of Removal so that the entire state court action under Case No. CV 22 963729 now pending in the Court of Common Pleas, Cuyahoga County, Ohio, be removed to this court for all further proceedings.


Dated: March 15, 2023

*/s/ Dustin B. Rawlin*
Dustin B. Rawlin (Bar No. 072870)
Zachary Maciaszek (Bar No. 0097751)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1111 Superior Ave., Suite 530
Cleveland, OH  44114
Telephone:  216-304-6153
Email:  dustin.rawlin@nelsonmullins.com
Email:  zachary.maciaszek@nelsonmullins.com

Adrienne F. Busby (IN Bar No. 22964-49)
PHV No. 26233
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204
Telephone:  317-237-0300
Facsimile:  317-237-1000
Email:  Adrienne.Busby@FaegreDrinker.com

*Attorneys for Defendants LivaNova USA, Inc. and LivaNova Deutschland GmbH*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I e-served the attached document to all counsel of record in this case using the Court's e-filing system.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Dustin B. Rawlin*
Dustin B. Rawlin (Bar No. 072870)
Zachary Maciaszek (Bar No. 0097751)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1111 Superior Ave., Suite 530
Cleveland, OH  44114
Telephone:  216-304-6153
Email:  dustin.rawlin@nelsonmullins.com
Email:  zachary.maciaszek@nelsonmullins.com

*Attorneys for Defendant LivaNova USA, Inc. and LivaNova Deutschland GmbH*